**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

**CHAPTER 13 PLAN**

In re:
Dated: February 2014

RICHARD L DITTEL,

DEBTOR

Case No. BKY 11-32891 KAC

*In a joint case,*
*debtor means debtors in this plan.*
_____

**1. DEBTOR'S PAYMENTS TO TRUSTEE —**
a. As of the date of this plan, the debtor has paid the trustee $28,671.00.
b. After the date of this plan, the debtor will pay the trustee $1,100.00 per month for 27 months beginning in February 2014, for a total of $29,700.00.  The minimum plan length is 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c.
d. The debtor will pay the trustee a total of **$29,700.00 from the date of modification.**

**2. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proofs of claim have been filed.  The trustee may collect a fee of up to 10% of plan payments, or $2,970.00, [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)].** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| a. | | | |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]**- The debtor assumes the following executory contracts or unexpired leases.  Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| a. | |

**5. CLAIMS NOT IN DEFAULT –** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| a. Teamster Credit Union | 2001 GMC Sierra |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. | | | | | |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | **Int. rate** *(if applicable)* | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | | | | | $_____ |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below.  The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | (Beginning in Month #) | X | (Number of Payments) | = | PLAN PAYMENTS | + | (Adequate protection from ¶ 3) | = | **TOTAL PAYMENTS** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| a | | | | | | | | | | | | |

**9. PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorneys Fees | $3,150.00 | | | | $3,150.00 PAID |
| b. MDR | | | | | |
| c. IRS | | | | | |
| d. TOTAL | | | | | $3,150.00 PAID |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: _Debts with co-signer_____
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | | | | | |
| b. TOTAL | | | | | | $ _____ |

**11. TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of
approximately **$26,730.00** [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $26,730.00.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $21,891.06
c. Total estimated unsecured claims are $21,891.06 [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** —The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.
To the extent that Child Support is an unsecured claim for AFDC reimbursement, it shall be designated a separate class and paid in full. Child Support Collections is authorized to continue automatic wage withholding for ongoing, post-petition child support. Child Support Collections may obtain, modify and enforce the debtor's current ongoing child support obligation, including medical support and child care, including wage withholding.
-If a foreclosure occurs on debtor's real estate during the term of the Chapter 13 Plan, the debtor shall cease making mortgage payments to Paragraph 5 and/or Paragraph 6 of the Plan, and any remaining deficiencies on all mortgages secured by the property foreclosed shall be treated and discharged as general unsecured claims under the Plan.
- Debtor shall be entitled to the first $1,200.00 of each year's tax refunds, and any remaining balance shall be paid to the trustee. Any Earned Income Credit shall be retained by the debtor.
-Pursuant to 11 USC Sec. 1305(a)(1), claims for December 31, 2011 post petition federal income taxes are to be included in the plan
-If the plan provides for payment of an obligation by a 3rd party or co-debtor, and a default occurs, any resulting claim shall be treated and discharged as a general, unsecured claim
-Secured creditors are authorized to and shall continue to send the debtor billing statements unless the Plan provides for surrender of the collateral
-This plan does not release the creditors from their ongoing duty to correct and update information with consumer reporting agencies as required by Section 623 of the Fair Credit Reporting Act. Secured creditors shall continue to report all payments received on account of secured claims to consumer reporting agencies.

**14. SUMMARY OF PAYMENTS** —
Trustee's Fee [Line 2] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... . . . . . . . . . $2,970.00
Home Mortgage Defaults [Line 6(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... $
Claims in Default [Line 7(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ........... . . . . . . . . . ... . $
Other Secured Claims [Line 8(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .... . $
Priority Claims [Line 9(f)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...... . . . . . $
Separate Classes [Line 10(c)] . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
Unsecured Creditors [Line 11] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..... . . . . $26,730.00
**TOTAL [must equal Line 1(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . $29,700.00**

TRUSTEE MODIFIED PLAN

Margaret H. Culp, # 180609
Karl J. Johnson, #391211
12 South 6th Street, Suite 310
Minneapolis, MN 55402
612-338-7591

                                            Signed:  /e/ Margaret H. Culp
                                                        Margaret H. Culp

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA
## THIRD DIVISION

---

In re:                                              BKY 11-32891 GFK

    RICHARD L DITTEL,                          Chapter 13

            Debtor(s).                       UNSWORN DECLARATION
                                                                     FOR PROOF OF SERVICE

---

       The undersigned, an employee of Gregory A. Burrell, standing chapter 13 trustee, declares that on the date indicated below s/he served the following:

1. Notice of Hearing and Motion to Approve Trustee Modified Plan;
2. Modified Chapter 13 plan;
3. Memorandum of Facts and Law;
4. Proposed order; and
5. Un-sworn Declaration for Proof of Service

On all filing users by electronic mail, and on each of the entities named below, by U.S. mail (unless otherwise indicated) by mailing to each of them a copy thereof by enclosing the same in an envelope with first class postage prepaid and depositing the same in the post office at Minneapolis, Minnesota, addressed to each of them as follows:

**By United States Mail, Postage Prepaid**:
RICHARD  DITTEL
1616 IDAHO AVENUE EAST
ST. PAUL, MN 55106

All creditors and parties in interest on attached matrix

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 14, 2014                               /e/ Amy Gildemeister
                                                                            Amy Gildemeister

```
Label Matrix for local noticing       AES/PHEAA                              CANDICA L.L.C.
0864-3                                 PO BOX 8147                           WEINSTEIN AND RILEY
Case 11-32891                          HARRISBURG, PA 17105-8147             2001 WESTERN AVE
District of Minnesota                                                        STE 400
St Paul                                                                      SEATTLE, WA 98121-3132
Wed Apr  2 11:20:38 CDT 2014

ECMC                                   East Bay Funding, LLC                 HSBC Bank Nevada, N.A.
P. O. Box 75906                        c/o Resurgent Capital Services        Bass & Associates, P.C.
St. Paul, MN 55175-0906                PO Box 288                            3936 E. Ft. Lowell Rd., Suite 200
                                       GREENVILLE, SC 29602-0288             Tucson, AZ 85712-1083

St Paul                                AES/PHEAA                             B-Line, LLC
200 Warren E Burger Federal Building and  1200 N 7TH STREET                  MS 550
US Courthouse                          HARRISBURG PA 17102-1419              PO Box 91121
316 N Robert St                                                              Seattle, WA 98111-9221
St Paul, MN 55101-1465

BANK OF THE WEST                       Bank of America                       Bank of the West
2527 CAMINO RAMON                      PO Box 15026                          PO Box 8050
SAN RAMON CA 94583-4213                Wilmington DE  19850-5026             Walnut Creek, CA 94596-8050

Candica, L.L.C.                        Citi Cards                            Collect Corp.
c/o Weinstein & Riley, P.S.            Box 6000                              455 North 3rd Street Ste 260
2001 Western Ave., Ste. 400            The Lakes NV 89163-6000               Phoenix AZ 85004-0630
Seattle, WA 98121-3132

(p)BANK OF AMERICA                     HSBC                                  (p)CITIBANK
PO BOX 982238                          PO Box 15521                          PO BOX 790034
EL PASO TX 79998-2238                  Wilmington DE  19850-5521             ST LOUIS MO 63179-0034

Law Offices of Curtis K. Walker        Missouri Higher Education Loan        Teamster Federal Credit Union
4356 Nicollet Ave So                   633 Spirit Dr                         9422 Ulysses St. NE, Ste 140
Minneapolis, MN 55409-2033             Chesterfield MO  63005-1243           Blaine, MN 55434-3575

Teamsters Federal Credit Union         The Home Depot                        US Trustee
2021 E Hennepin Ave                    PO Box 689100                         1015 US Courthouse
Minneapolis MN 55413-2700              Des Moines IA 50368                   300 S 4th St
                                                                             Minneapolis, MN 55415-3070

Wells Fargo Bank NA                    Wells Fargo Bank NA                   Curtis K Walker
Customer Management                    PO Box 10438                          Walker & Walker Law Offices PLLC
PO Box 95225                           Des Moines, IA 50306-0438             4356 Nicollet Ave S
Albuquerque NM  87199-5225                                                   Minneapolis, MN 55409-2033

Gregory A Burrell                      Richard Lee Dittel
12 South Sixth Street                  1616 Idaho Ave., E.
Suite  310                             St. Paul, MN 55106-1318
Minneapolis, MN 55402-1521
```